**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FABIAN MORGAN,

        Plaintiff,

v.                                                       CIV 00-137 KBM/RLP

STATE OF NEW MEXICO, ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on five dispositive motions filed by Defendants seeking dismissal on the grounds of statute of limitations, Eleventh Amendment immunity, qualified immunity and prosecutorial immunity. *See Docs. 51, 65, 60, 71, 76.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having reviewed the motions, memoranda and relevant authorities, I find the statute of limitations argument without merit. Because the Eleventh Amendment and qualified immunity arguments are well taken and dispositive of the case, however, this action will be dismissed.

### Factual and Procedural Background

Plaintiff was arrested in November 1992 on state charges for trafficking one gram of cocaine. In March 1993, he was assessed a "drug tax" in the amount of $207.50 under the New Mexico Controlled Substance Tax Act ("Act"). *See* NMSA 1978 7-18A-3A(2) (repealed 1995). In July 1993, he was tried and convicted, and sentenced to thirteen years incarceration.

Having exhausted his state direct appeal and post-conviction remedies, in October 1996, Plaintiff filed a *pro se* petition for federal habeas relief in this Court. Magistrate Judge Don J. Svet appointed counsel for him. Plaintiff sought relief on the grounds of ineffective assistance of counsel and double jeopardy. While Judge Svet found the ineffective assistance of counsel claim without merit, he addressed Plaintiff's double jeopardy claim in light of the Supreme Court's decision in *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767 (1994). *See Morgan v. Lytle,* CIV 96-1368 SC/DJS, *Doc. 30*. Judge Svet concluded that "Petitioner had been subjected to a monetary penalty under the [Act] before he was tried and convicted on the charges which form the basis of his present confinement." He therefore recommended that the writ issue and Plaintiff's conviction be vacated. *Id.*.

Senior District Judge Santiago E. Campos overruled objections and granted habeas relief on March 1998, vacating the conviction and ordering Plaintiff's immediate and unconditional release from prison. *Id., Doc. 33.* After holding a hearing on the State's motion to reconsider, Judge Campos declined to reconsider, denied a stay of the writ, and denied other motions of the State for discovery and to expand the record. *See id., Docs. 44-46.*

The State appealed, arguing that while the tax had been levied (assessed), there was no proof that it had ever been collected. The Tenth Circuit affirmed issuance of the writ in an order and judgment dated July 27, 1999 which noted, as had Judge Campos, that the State waived this argument by failing to raise it until the hearing on the motion to reconsider. *Morgan v. Lytle,* 188 F.3d 519 (10th Cir. 1999) (unpublished).

Plaintiff filed the present suit on February 3, 2000 for damages under 42 U.S.C. § 1983 against various departments of the state and individual state employees, both individually and in

2

their official capacities. Morgan alleges double jeopardy, Eighth Amendment, and due process violations stemming from the six years he spent incarcerated before his release on the federal writ of habeas.

In his Third Amended Complaint filed July 17, 2000, Morgan has now identified and served previously-unnamed individual defendants. In all, he sues:

- "the departmental defendants" which include the State of New Mexico ("State"), the New Mexico Taxation & Revenue Department ("Tax Department"), and the Twelfth Judicial District Attorney's Office ("Twelfth District");

- "the individual defendants" including Kathy Clay (a Tax Department supervisor who allegedly assessed the drug tax against him), Celia Fernandez, (a Tax Department employee supervised by Ms. Clay who allegedly responsible for notifying the Twelfth District that the tax had been assessed), RoxeAnne Matise (the Twelfth District trial attorney who allegedly prosecuted him), and Bert Atkins (the District Attorney of the Twelfth District at the time, Ms. Matise's supervisor, and allegedly is responsible for training prosecutors).

Now all defendants have been served, and all have filed motions to dismiss.

### Statute of Limitations

The departmental defendants move for summary judgment on the ground that Plaintiff's cause of action accrued in July 1996 when he signed the state habeas petition first raising his double jeopardy argument. They argue that under the applicable three-year statute of limitations, Plaintiff's February 3, 2000 civil complaint is time-barred. *Doc. 51*. Plaintiff contends that the statute of limitations was triggered only by a judicial determination finding a double jeopardy

3

violation.

Neither side has cited the controlling law on this point – *Heck v. Humphry,* 512 U.S. 477 (1994):

> For § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the conviction or sentence has been invalidated. Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until the same time.

*Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 557 (10th Cir. 1999). Not every Section 1983 claim that is spawned by a conviction necessarily implicates the validity of that conviction, however. Each such claim "must be assessed individually to determine . . . when it matured for purposes of applying the statute of limitations." *Id.* For example, Fourth Amendment search and seizure claims are not governed by *Heck,* because even if introduction of illegal evidence is improper, it does not "necessarily imply" that the conviction was unlawful. *Id.* at 558.

Plaintiff's Third Amended Complaint is not specific, but from responses to the pending motions I gather that: (1) Morgan's double jeopardy claim is based on the invalidity of the conviction, (2) his due process claim is based on his failure to train theory, and (3) his Eighth Amendment claim is based probably on both the conviction's invalidity and failure to train theory. As best I can tell, Plaintiff contends that the criminal prosecution constituted double jeopardy in that the State had already assessed a tax based upon the same conduct. He argues that the individual defendants were so deliberately indifferent in failing to train and supervise that they either knew or should have known that the subsequent criminal prosecution would deprive Morgan of this constitutional right.

Plaintiff's double jeopardy claim would have been premature if he had brought suit prior to the habeas proceedings because, if successful, the claim would have invalidated the conviction. Similarly, the failure to train/supervise theories are dependent on a finding of a double jeopardy violation. A failure to train theory in some circumstances might not necessarily imply the invalidity of a conviction. *See Edwards v. Balisok,* 520 U.S. 641 (1997); *Beck,* 195 F.3d at 559-560. In the present case, however, all of Plaintiff's theories are dependent on the conviction being found illegal on double jeopardy grounds. Assuming that the earliest Plaintiff's action could have accrued was when Judge Campos granted the writ in May 1998, the lawsuit was still filed well within the three-year limitations period.

## Eleventh Amendment

In his response to the departmental defendants' motion to dismiss on Eleventh Amendment grounds, Plaintiff agrees to their dismissal without prejudice  Accordingly, the motion will be granted and the departmental defendants will be dismissed without prejudice.

The individual defendants did not join in this motion after appearing in this action. However, I note that they are named in their official capacities as well as their individual capacities in the Third Amended Complaint. Suits against individual defendants in their capacity as state employees are the same thing as a suit against the state and are likewise barred by the Eleventh Amendment. *E.g. Kentucky v. Graham,* 473 U.S. 159, 169 (1985); *Ellis v. University of Kansas,* 163 F.3d 1186, 1196 (10th Cir. 1998). Because only monetary damages are sought, the claims against the individual defendants in their official capacities will also be dismissed without prejudice *sua sponte*.

**Qualified Immunity**

By the prior habeas proceedings, Plaintiff has already established that his conviction violated a constitutional right and that is not an issue in the present motion. But Plaintiff also bears the burden of showing that the "law was clearly established when the alleged violation occurred." *Armijo v. Wagon Mound Public Schools,* 159 F.3d 1253, 1260 (10th Cir. 1998). In the habeas proceedings, Morgan argued for relief on the basis of *Department of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767 (1994) ("*Kurth*"). Plaintiff now argues that the Supreme Court's 1989 decision in *United States v. Halper,* 490 U.S. 435 (1989) established that a drug tax of the sort found in New Mexico's Controlled Substance Act violates double jeopardy. *Halper* is the sole decision upon which Plaintiff relies.

Identical motions to dismiss were filed on behalf of all defendants on qualified immunity grounds. They argue that the law concerning taxation and prosecution for drug offenses *vis-a-vis* double jeopardy was not clearly established until the Supreme Court's 1995 decision in *Kurth,* which postdated the December 1992 and March and July 1993 conduct for which Plaintiff seeks to hold defendants liable. *See Docs 71-72, 76-77.*

I find that Plaintiff fails to sustain his burden on this point. To show that the law was clearly established,

> the plaintiff does not have to show that the specific action at issue had been held unlawful, but the alleged unlawfulness of the defendant's conduct must be apparent in light of preexisting law. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. [I]t is the plaintiff's burden to establish the asserted right's contours are sufficiently clear such that a reasonable official would understand that what he is doing violates that right. The plaintiff may satisfy his or her burden by showing that there is a Supreme

>Court or Tenth Circuit opinion on point, or that his or her proposition is supported by the weight of authority from other courts. . . . However, we do not require plaintiffs to produce a factually identical case, but allow some degree of generality in factual correspondence.

*Armijo*, 159 F.3d at 1260 (quotations and citations omitted).

Plaintiff correctly states that it has long been the law that the label a legislature applies to a statute is not dispositive of whether the statute constitutes "punishment" for double jeopardy purposes, but he reads *Halper* much too broadly. Under *Halper* a monetary <u>civil penalty</u> for fraud designed to reimburse the government when sought after a conviction for medicare fraud <u>may</u> constitute a double jeopardy violation, in the "rare" instance where, <u>as applied</u> in the context of a particular case, the amount of the penalty was so disproportionate that it could be characterized as a punishment. *Halper* was a decision about where to draw line "between remedy and punishment." It required the government to account for the amount it was seeking in reimbursement, but left to the trial court's discretion whether the line had been crossed in light of the government's accounting . *See Halper,* 490 U.S. at 449-450.

Plaintiff does not argue that the $200 tax assessment was so disproportional that it rendered the tax "punitive" as applied in his case. Rather, he argues that *Halper* compels the conclusion that New Mexico's statute <u>on its face</u> was a violation of double jeopardy. I note, however, that the Ninth Circuit's decision in *Kurth* that was issued in February 1993, just after Plaintiff's assessment, declined to apply *Halper* "to hold the tax unconstitutional on its face." *Kurth,* 511 U.S. at 775.

Plaintiff purports to apply *Halper* to the New Mexico statute. For example, Plaintiff recites the *Halper* holding that if the subsequent the civil proceeding "bears no rational relation to

the goal of compensating the government for its loss. . . then the defendant is entitled to an accounting of the government's damages and costs to determine if the penalty sought in facts constitutes a second punishment." *Doc. 73 at 6.* In applying the rule to New Mexico's Act, Morgan concludes that it was "meant to punish" because the tax (1) was conditioned on the commission of a crime, (2) was made after the taxpayer had been arrested for the conduct that gave rise to the tax obligation, (3) was levied on drugs that the taxpayer did not own or possess at the time of the tax, and (4) is a tax imposed on criminals only. *Id. at 8.* Yet these factors are not mentioned in *Halper* in 1989. Instead, the 1994 *Kurth* double jeopardy analysis identified these factors when the Supreme Court affirmed the Ninth Circuit's holding that, as applied, Montana's drug tax statute violated the double jeopardy clause. *See Kurth,* 511 U.S. at 780-784.

   Even the *Kurth* majority in that plurality decision observed that the tax context presented a situation not governed by *Halper. Id.* at 776. Although it had <u>assumed</u> that one might, the Supreme Court had "never held that a tax violated the Double Jeopardy Clause." *Id.* at 779. Arguments made by the dissenting judges in *Kurth* further illustrate just how unsettled the law was with respect to invalidating a tax as a second punishment. *E.g., id.* at 785-791 (Rehnquist, dissenting); *id.* at 792-798 (O'Connor, dissenting); *id.* at 798-808 (Scalia joined by Thomas, dissenting); *New Mexico Tax. & Rev. Dept. v. Whitener,* 117 N.M. 130, 135 (Ct. App. N.M. 12/21/93) (Hartz, dissenting). In fact, the Supreme Court later disavowed *Halper's* analysis because *Halper* used the excessiveness of the sanction as dispositive, rather than using a multi-factor approach. Just because the conduct is also criminalized or the civil sanction also deters conduct is insufficient to constitute a double jeopardy violation. *See Hudson v. United States,* 522 U.S. 93 (1997).

8

Based on the limitations of the *Halper* opinion itself and the reasons subsequently discussed in when courts were faced with applying *Halper* to a facial challenge in a tax situation, I find that the law was not clearly established during the relevant time period.  As such, defendants are entitled to qualified immunity.  Even if defendants had been aware of the controversy surrounding the drug tax statutes at the time they assessed and prosecuted Plaintiff, that knowledge is not sufficient to render them liable in damages to him for federal § 1983 purposes.  Because the only relief Plaintiff seeks is damages, this ruling disposes of the entire matter for federal court purposes.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion For Summary Judgment Of Morgan's Constitutional Claims For Failure To File Within The Statue Of Limitations, *Doc. 51*, is DENIED;

2. Defendants' unopposed Motion To Dismiss On The Ground Of Eleventh Amendment Immunity, *Doc. 56*, is GRANTED as to the moving defendants and applied *sua sponte* to the individual defendants in their official capacities;

3. Defendants' motions to Dismiss On The Grounds Of Qualified Immunity, *Docs. 71, 76* are GRANTED; and

4. Defendants' Motion To Dismiss On The Ground Of Prosecutorial Immunity, *Doc. 60*, is DENIED AS MOOT;

5. A final judgment enter concurrently herewith dismissing this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE